The PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, Plaintiff–Respondent,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant–Appellant.

No. 61996.

Supreme Court of Missouri, En Banc.

Sept. 9, 1980.

Rehearing Denied Oct. 15, 1980.

Edward W. Mullen, Kansas City, for defendant–appellant.

Joseph B. Bott, Kansas City, for plaintiff–respondent.

HIGGINS, Judge.

State Farm Mutual Automobile Insurance Company appeals from the judgment in a declaratory judgment action brought by Pennsylvania National Mutual Casualty Insurance Company to determine the existence of insurance coverage on a 1960 Ford automobile. The trial court determined that the Ford was covered by a State Farm Insurance policy issued to its former owners, Louis and Jewell Wells. The appeal from the ensuing judgment was transferred after opinion in the court of appeals to review whether State Farm's coverage had terminated upon the Wellses' transfer of the Ford to their son, Richard Allen Wells. Reversed.

Louis and Jewell Wells were the owners of a 1960 Ford. State Farm issued a policy of insurance to Louis and Jewell which listed them as the named insureds and designated their 1960 Ford as the owned automobile. The policy was in force for a policy period February 25, 1968, to August 25, 1968. The policy defined "insured" to include the named insureds and, under its omnibus clause, any relative of either while a resident of their household. Around the first of June, 1968, the Wellses' thirty–year–old son, Richard, returned home to live. He had been away from home 10–12 years during which he had been in the service and had been married. He continued to live with them until the end of 1968.

Prior to June 21, 1968, Richard was not allowed to drive the 1960 Ford, but on that date title to the Ford was assigned to Richard and ownership was thus vested in him. Richard made application for title in his name on June 24th; it was issued to him on July 8, 1968. State Farm was not notified of the transfer and it did not cancel or suspend the policy prior to July 4, 1968.

On July 4, 1968, while driving the Ford, Richard had a collision with an automobile driven by David Bentley resulting in personal injuries to Bentley and his family. The Bentley automobile was covered by a policy of insurance including uninsured motorist coverage issued by Pennsylvania.

After the Bentleys filed suit for personal injuries, Pennsylvania and State Farm agreed to contribute $7,500 each to settle the Bentleys' claims. The two companies

thereafter stipulated that the company that prevailed in a declaratory judgment action would be entitled to recover its contribution from the other. The parties agreed that if the State Farm policy covered the Ford, State Farm would reimburse the $7,500 Pennsylvania had contributed. If the State Farm policy did not cover the Ford, Pennsylvania would reimburse State Farm $7,500 under the uninsured motorist clause of the Pennsylvania policy covering the Bentley automobile.

The trial court found that the State Farm policy remained in force after the transfer of ownership and awarded judgment in favor of Pennsylvania for $7,500 against State Farm. State Farm contends its policy issued to Louis and Jewell Wells did not cover the Ford at the time of the Bentley casualty because of the prior transfer of title to their son, Richard.

■ As long as Louis and Jewell Wells were the owners of the Ford and Richard was a resident of their household, Richard was covered by the omnibus clause of the policy. By general rule, however, liability coverage which is premised on "ownership, maintenance or use" of the designated automobile, as with the policy in issue, terminates with respect to that automobile upon a change of ownership. *Missouri Managerial Corp. v. Pasqualino*, 323 S.W.2d 244 (Mo.App.1959); *Union Automobile Indemnity Association v. Reimann*, 171 S.W.2d 721 (Mo.App.1943). *See also Worchester v. State Farm Mutual Automobile Insurance Co.*, 172 Colo. 352, 473 P.2d 711 (1970). Under the general rule the State Farm policy insured Louis and Jewell Wellses' "owned" vehicle only so long as they owned it.

Pennsylvania agrees that upon transfer of ownership to a third party all coverage on the Ford would have terminated. It advances a thesis, however, that the transfer of ownership to a party already an insured under the policy would not terminate the coverage; that Richard qualified as an insured prior to transfer; that after transfer he remained in the same position in that he was still a relative and resident of the household, State Farm had received the premium for the policy period, and the policy had not been cancelled or suspended and therefore was still in effect. Pennsylvania contends that under these circumstances and since liability coverage only is involved, the ownership of the designated automobile is irrelevant. Its argument is that a sufficient insurable interest existed by virtue of possible liability to which the former owner might be exposed by the operation of the vehicle, and that the transfer of title under the circumstances did not increase or vary the exposure of risk assumed by State Farm.

■ Under certain circumstances the ownership of a vehicle may be irrelevant to the validity of an insurance policy that covers only liability for bodily injuries and property damages. *State Farm Mutual Automobile Insurance Co. v. MFA Mutual Insurance Co.*, 485 S.W.2d 397, 401 (Mo.banc 1972); *See also Hall v. Weston*, 323 S.W.2d 673, 679 (Mo.1959). The possibility that an insured may incur liability because of the operation or use of his automobile may be the only interest necessary to the validity of a liability policy. *See Western Casualty & Surety Co. v. Herman*, 318 F.2d 50, 54 (8th Cir. 1963), and cases cited therein. Such, however, is not this case.

The policy provided that Lewis and Jewell were the "sole owners" of the 1960 Ford and State Farm agreed:

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of (A) bodily injury sustained by other persons, and (B) property damage, caused by accident arising out of the ownership, maintenance or use, . . . of the owned automobile . . . .

■ The transfer of title did have an effect on the risk assumed by State Farm. Prior to transfer Louis and Jewell Wells had control of and responsibility for the designated automobile. They could and did refuse to permit Richard to drive the Ford. After transfer, Richard was the legal owner with right of control and could permit whom-

ever he chose to drive the vehicle. The right of control is basic in determining the risk insured. *See Worchester v. State Farm Mutual Automobile Insurance Co., supra.*

There are cases that have found continued coverage following a transfer of ownership from parent to child. *See, Ohio Farmers Insurance Co. v. Lantz,* 246 F.2d 182 (7th Cir. 1957), *cert. denied,* 355 U.S. 883, 78 S.Ct. 151, 2 L.Ed.2d 113 (1957); *Western Casualty & Surety Co. v. Herman, supra; Home Insurance Co. v. Randolph,* 106 N.J. Super. 438, 256 A.2d 81 (1969). These cases, however, contained extenuating circumstances not present in this case. In *Ohio Farmers Insurance Co. v. Lantz, supra,* the father, named insured, had explained to the agent that the son would be the principal driver of the automobile and that the father and son were co–signers on the purchase money note for the automobile. A higher premium was charged. In addition the son paid all of the premiums of the policy. Likewise, in *Western Casualty & Surety Co. v. Herman, supra,* and *Home Insurance Co. v. Randolph, supra,* the insurance agent was fully aware that the son was to be the principal driver of the automobile. In *Western Casualty & Surety Co. v. Herman, supra,* the agent knew the mother was unable to drive but nonetheless issued the policy in her name; in *Home Insurance Co. v. Randolph, supra,* a higher premium was paid to the company because the son was to be the principal driver.

Whether there may be situations in which this Court would extend coverage after a transfer of title is not decided. It is significant in this case that Richard was not residing at home at the time the policy was issued; that he was an emancipated adult and had not lived at home for 10–12 years; that he was not permitted to drive the Ford prior to transfer; that there was no effort to transfer the policy, or to obtain consent to an assignment; and that no notice was given of the transfer. In the circumstances of this case the Court should accord application of the general rule that coverage of an automobile terminates upon the transfer of ownership.

Accordingly, the judgment is reversed and the cause is remanded for entry of a judgment in favor of defendant State Farm Mutual Automobile Insurance Company and against plaintiff The Pennsylvania National Mutual Casualty Insurance Company in the sum of $7,500 with interest and costs.

All concur.